IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ELIZABETH R. EVANS                                                    PLAINTIFF

v.                                          CIVIL ACTION NO. 1:13-cv-00233-GHD-DAS

OKTIBBEHA COUNTY, MISSISSIPPI;
GLENN HAMILTON, individually and in his
official capacity as Circuit Clerk of Oktibbeha County,
Mississippi; and MARVEL HOWARD,
DANIEL JACKSON, JOHN nmi MONTGOMERY,
ORLANDO K. TRAINER, and JOE WILLIAMS,
individually and in their official capacities as members
of the Board of Supervisors of Oktibbeha County, Mississippi      DEFENDANTS

## MEMORANDUM OPINION GRANTING
## ALL DEFENDANTS' MOTIONS TO DISMISS

Presently before the Court are a motion to dismiss [6] filed by Defendants Glenn Hamilton and Oktibbeha County, Mississippi, and a motion to dismiss [8] filed by Defendants Marvel Howard, Daniel Jackson, John Montgomery, Orlando K. Trainer, and Joe Williams. Upon due consideration and for the reasons stated below, the Court finds that both motions should be granted.

*A. Factual and Procedural Background*

On October 21, 2013, Plaintiff Elizabeth R. Evans ("Plaintiff") initiated this action in the Circuit Court of Oktibbeha County, Mississippi against Defendants Oktibbeha County, Mississippi; Glenn Hamilton, individually and in his official capacity as Circuit Clerk of Oktibbeha County; and Marvel Howard, Daniel Jackson, John Montgomery, Orlando K. Trainer, and Joe Williams, all individually and in their official capacities as members of the Board of Supervisors of Oktibbeha County. On December 9, 2013, Defendants removed the action to this

1

Court on the bases of federal question jurisdiction and supplemental jurisdiction over any pendent state-law claims.

Plaintiff asserts causes of action for a violation of 42 U.S.C. § 1981; a Fourteenth Amendment due process violation under 42 U.S.C. § 1983; a Fourteenth Amendment equal protection violation under § 1983; and First Amendment free speech retaliation under 42 U.S.C. § 1983. Plaintiff alleges the following facts:

> Plaintiff . . . was formerly employed as Deputy Circuit Clerk of Oktibbeha County, Mississippi for over twenty-three (23) years. During this time, Plaintiff, an African-American female Democrat, served under two different circuit clerks, Angie McGinnis, a white female Democrat, and . . . Miriam Cook, also a white female Democrat.
>
> In 2011, [Defendant] Glenn Hamilton, a white male Republican, ran for the position of circuit clerk against Teresa Davis Roberson, an African-American female Democrat, and Dave Holly, a white male Democrat. Plaintiff openly supported Ms. Roberson.
>
> Shortly after Defendant Hamilton won the election, he terminated Plaintiff and replaced her with Melody Monts, a white female who had only twenty-two months experience working in the circuit clerk's office, compared to Plaintiff's twenty-three years[] of experience.

Pl.'s Compl. [2] ¶¶ 8–10.

In lieu of answering the complaint, the Defendants filed the present motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff sought and was granted five separate extensions of time to file her response to the motions to dismiss. Even so, Plaintiff filed her response to the motions to dismiss approximately one month past the extended deadline. Defendants Glenn Hamilton and Oktibbeha County filed a motion to strike [22] Plaintiff's response to the motions to dismiss as untimely. Plaintiff filed a response to the motion to strike, arguing that the Court should consider her response, even though it was untimely filed, because

2

Defendants suffered no prejudice as a result of the untimely filing. The Court need not rule on the motion to strike, because whether or not the Court considers Plaintiff's response to the motions to dismiss, Plaintiff's complaint fails to satisfy the Rule 12(b)(6) standard and thus must be dismissed.[1]

## B. *Rule 12(b)(6) Standard*

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint when the plaintiff has failed to state a claim upon which relief can be granted, but such motions "are viewed with disfavor and are rarely granted." *Kocurek v. Cuna Mut. Ins. Soc'y*, 459 F. App'x 371, 373 (5th Cir. 2012) (citing *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003)). In ruling on a motion to dismiss brought under Rule 12(b)(6), " 'courts must take all of the factual allegations in the complaint as true,' but 'are not bound to accept as true a legal conclusion couched as a factual allegation.' " *Wood v. Moss*, — U.S. —, —, 134 S. Ct. 2056, 2065 n.5, 188 L. Ed. 2d 1039 (May 27, 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal quotation marks omitted)). " '[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim.' " *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (per curiam) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010)).

Although "a complaint need not pin plaintiff's claim for relief to a precise legal theory" nor present "an exposition of his legal argument," *see Skinner v. Switzer*, — U.S. —, —, 131 S. Ct. 1289, 1296, 179 L. Ed. 2d 233 (Mar. 7, 2011), "a complaint must contain sufficient factual

---

[1] The motion to dismiss [6] filed by Defendants Glenn Hamilton and Oktibbeha County additionally requested dismissal of the claims against Defendant Glenn Hamilton based on qualified immunity. Because the Court finds that all claims must be dismissed for failure to state a claim under Rule 12(b)(6), the Court need not address the qualified immunity issue.

3

matter, accepted as true, to state a claim to relief that is plausible on its face," *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (internal quotation marks and citation omitted). "A claim is facially plausible if the plaintiff pleads facts that allow a court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " *Boyd v. Farrin*, — F. App'x —, 2014 WL 3586661, at *2 (5th Cir. July 22, 2014) (per curiam) (quoting *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937). " '[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.' " *Webb*, 522 F. App'x at 241 (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

### C. Analysis and Discussion

1. Claims Against Defendants Marvel Howard, Daniel Jackson, John Montgomery, Orlando K. Trainer, and Joe Williams

At the outset, the Court finds that Plaintiff has failed to allege any facts in her complaint against Defendants Marvel Howard, Daniel Jackson, John Montgomery, Orlando K. Trainer, and Joe Williams, in either their individual capacities or their official capacities as members of the Board of Supervisors of Oktibbeha County. Because Plaintiff has pled no facts against these Defendants, the Court cannot draw the inference that any of these Defendants are liable for the misconduct alleged; thus, to the extent Plaintiff has attempted to assert allegations against these Defendants, the same are dismissed for failure to state a claim under Rule 12(b)(6). *See Boyd* 2014 WL 3586661, at *2 (citing *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937). Accordingly, the motion to dismiss [8] filed by Defendants Marvel Howard, Daniel Jackson, John Montgomery, Orlando K. Trainer, and Joe Williams shall be granted. Next, the Court examines whether Plaintiff's complaint states a claim against Defendants Oktibbeha County and Glenn Hamilton.

2. Claims Against Defendants Oktibbeha County and Glenn Hamilton

As stated above, Plaintiff asserts causes of action for a violation of 42 U.S.C. § 1981; a Fourteenth Amendment due process violation under 42 U.S.C. § 1983; a Fourteenth Amendment equal protection violation under § 1983; and First Amendment free speech retaliation under 42 U.S.C. § 1983. The Court will examine each asserted cause of action in turn.

    a.    Section 1981 Claim

Plaintiff alleges in her complaint that "[t]he actions of Defendants have deprived Plaintiff of her rights and violated 42 U.S.C. § 1981" and that "[t]hose rights are enforceable by Plaintiff pursuant to 42 U.S.C. § 1983." Pl.'s Compl. [2] ¶ 11. Plaintiff alleges the following facts in support: Defendant Glenn Hamilton ran for the position of circuit clerk against Teresa Davis Roberson; Plaintiff openly supported Roberson; Defendant Glenn Hamilton won the election; Defendant Glenn Hamilton fired Plaintiff and replaced her with a white female with much less circuit clerk office work experience. Defendants Oktibbeha County and Glenn Hamilton argue that Plaintiff has failed to state a claim under Section 1981, by failing to allege that any act or omission by Defendants was motivated by Plaintiff's race or any other facts in support of a Section 1981 claim.

Section 1981, known as the "equal contracts rights" provision, was enacted shortly after the Civil War and provides in pertinent part that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). Section 1981 defines "make and enforce contracts" as including "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). To bring a claim for racial discrimination and/or retaliation under Section 1981, Plaintiff must pursue those claims through Section 1983, *see Oden v. Oktibbeha County, Miss.*,

246 F.3d 458, 462–63 (5th Cir. 2001), and establish "(1) that [s]he is a racial minority; (2) that the defendant intended to discriminate against h[er] on the basis of race; and (3) that the discrimination concerns one or more of the activities enumerated in the statute," *Wesley v. Gen. Drivers, Warehousemen & Helpers Local 745*, 660 F.3d 211, 213 (5th Cir. 2011). Although Plaintiff attempts to bring her Section 1981 claim through Section 1983, and the complaint alleges that Plaintiff is a racial minority, the complaint fails to allege any facts supporting that Defendants Oktibbeha County or Glenn Hamilton intended in any way to discriminate against Plaintiff on the basis of her race. Therefore, Plaintiff's complaint fails to state a claim under Section 1981.

  b. Section 1983 Claims

Plaintiff alleges pursuant to Section 1983 that Defendants deprived her of a constitutionally protected property interest in her deputy circuit clerk position without due process of law in violation of the Fourteenth Amendment, violated her equal protection rights, and retaliated against her for exercising her right to free speech in violation of the First Amendment. Defendants contend that Plaintiff has failed to meet the pleading standard for her Section 1983 claims against Defendants.

Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under [Section] 1983, a plaintiff must [1] allege the violation of a right secured by the Constitution and laws of the United States, and [2] must show that the alleged deprivation was committed by a person acting under color of state law." *West v.*

*Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988) (citing cases). The Fifth Circuit has recognized that to sustain a Section 1983 claim, a plaintiff is required to assert "claims of specific conduct and actions giving rise to a Constitutional violation." *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996). As shown below, the Court finds that Plaintiff has failed to allege the violation of either a Fourteenth Amendment or First Amendment constitutional right; thus, the Court need not reach whether Plaintiff has shown that the alleged acts were committed by a person acting under color of state law.

i. Fourteenth Amendment Due Process

Defendants Oktibbeha County and Glenn Hamilton argue that Plaintiff's Fourteenth Amendment due process claim should be dismissed, because Plaintiff was an at-will employee, and thus had no constitutionally protected property interest in continued employment as a deputy circuit clerk.

To state a Fourteenth Amendment due process claim under Section 1983, "a plaintiff must first identify a protected life, liberty or property interest and then prove that governmental action resulted in a deprivation of that interest." *Baldwin v. Daniels*, 250 F.3d 943, 946 (5th Cir. 2001). "The threshold requirement of any due process claim is the government's deprivation of a plaintiff's liberty or property interest." *McCasland v. City of Castroville*, 514 F. App'x 446, 448 (5th Cir. 2013) (per curiam) (quoting *DePree v. Saunders*, 588 F.3d 282, 289 (5th Cir. 2009)). Therefore, unless Plaintiff has an entitlement that is sufficiently definite to be considered a liberty or property interest, the Due Process clause does not come into play. *See id.*

A unilateral expectation of continued employment does not create a constitutionally protected property interest. *Evans v. City of Dallas, Tex.*, 861 F.2d 846, 850 (5th Cir. 1988); *see also Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701, 33 L. Ed. 2d 548

7

(1972) ("To have a property interest in a benefit, a person clearly must have . . . more than a unilateral expectation of it."). And property interests are not created by the Constitution. *See Roth*, 408 U.S. at 577, 92 S. Ct. 2701. Rather, whether Plaintiff possessed such a property interest is "determined by reference to state law," *see Wells v. Hico Indep. Sch. Dist.*, 736 F.2d 243, 252 (5th Cir. 1984), and must "stem from independent sources such as state statutes, local ordinances, existing rules, contractual provisions, or mutually explicit understandings," *see Blackburn v. City of Marshall, Tex.*, 42 F.3d 925, 936–37 (5th Cir. 1995). Under Mississippi law, "[w]here there is no express contract of employment, a valid claim of entitlement must be grounded in some other legal source, such as a state statute or local ordinance, or an implied contract." *Harrison Cnty. Sch. Bd. v. Morreale*, 538 So. 2d 1196, 1200 (Miss. 1989) (citing *Conley v. Bd. of Trs. of Grenada Cnty. Hosp.*, 707 F.2d 175, 179 (5th Cir. 1983); *White v. Miss. State Oil and Gas Bd.*, 650 F.2d 540, 541 (5th Cir. 1981)).

According to Plaintiff, she had an expectation of continued employment as deputy circuit clerk at the Circuit Clerk's Office in Oktibbeha County. As stated above, this unilateral expectation of continued employment alone does not create a property interest. Plaintiff further alleges that Mississippi law provides its state employees due process protections and apparently attempts to allege that Mississippi law creates a protectable property interest. Defendants Oktibbeha County and Glenn Hamilton argue that a deputy circuit clerk serves under the county clerk and as such is an at-will employee.

Mississippi Code § 25-9-127 prohibits certain state entities from terminating their employees "except for inefficiency or other good cause," and only after a written notice and a hearing. MISS. CODE ANN. § 25-9-127(1). The Fifth Circuit has stated that Section 25-9-127(1) "does create some property interest in jobs that fall within the ambit of that statute." *See Lollar*

*v. Baker*, 196 F.3d 603, 607–08 (5th Cir. 1999). However, Mississippi Code § 9-7-126 provides in pertinent part that deputy circuit clerks in Mississippi are "deemed employees of the county," and "[t]he [circuit] clerk shall select and supervise their public duties." MISS. CODE ANN. § 9-7-126(1). In addition, Mississippi Attorney General opinions on this topic are helpful persuasive authority and are accorded deference. *See Kneeland v. Nat'l Collegiate Athletic Ass'n*, 850 F.2d 224, 228 (5th Cir. 1988), *cert. denied*, 488 U.S. 1042, 109 S. Ct. 868, 102 L. Ed. 2d 991 (1989). The Mississippi Attorney General has opined that although the county pays the deputy circuit clerk as authorized under state statute, the deputy circuit clerk "is still [the circuit clerk's] deputy." *See* Op. Miss. Att'y Gen. (Feb. 25, 1985). The Mississippi Attorney General has also opined that the employment of the deputy circuit clerk is "at the will and pleasure of the Circuit Clerk and may be terminated by the Clerk" *See* Op. Miss. Att'y Gen. (Oct. 18, 1983). In light of all of the foregoing, the Court finds that Plaintiff has failed to allege a property interest in her continued employment as deputy circuit clerk. Accordingly, Plaintiff's complaint fails to state a Fourteenth Amendment due process claim under Section 1983.

### ii. Equal Protection

Defendants Oktibbeha County and Glenn Hamilton further argue that Plaintiff has failed to state a claim for equal protection and has merely included a passing reference in her complaint to equal protection. Plaintiff alleges in her complaint that in addition to due process, "[s]he was also entitled to equal protection under the law" and that "[t]he actions of Defendants deprived Plaintiff of [her] property right without due process of law in violation of her right to equal protection." Pl.'s Compl. [2] ¶¶ 14, 15. The Court finds that Plaintiff has failed to allege any facts supporting an equal protection claim. Accordingly, Plaintiff's complaint fails to state a Fourteenth Amendment equal protection claim under Section 1983.

### iii. First Amendment Retaliation

Finally, Plaintiff claims that under Section 1983 Defendants terminated her employment as deputy circuit clerk for engaging in speech protected by the First Amendment. Defendants argue that Plaintiff has failed to state a claim for First Amendment retaliation, because Plaintiff alleges in her complaint she openly supported the circuit clerk's opponent in the 2011 circuit clerk election—against her duties of loyalty to the circuit clerk.

To establish a Section 1983 free speech retaliation claim, Plaintiff must ultimately prove that "(1) [s]he suffered an adverse employment action; (2) [s]he spoke as a citizen, and not as a public employee, on a matter of public concern; (3) [her] interest in the speech outweighed the employer's interest in promoting efficiency; and (4) the speech precipitated the adverse employment action." *See Briscoe v. Jefferson County*, 500 F. App'x 274, 277 (5th Cir. 2012) (per curiam) (citing *Garcetti v. Ceballos*, 547 U.S. 410, 417, 126 S. Ct. 1951, 164 L. Ed. 2d 689 (2006)). Plaintiff has alleged that she suffered an adverse employment action by being terminated from her position as deputy circuit clerk. *See* Pl.'s Compl. [2] ¶¶ 8, 10, 17. However, because Plaintiff does not allege facts supporting that she was speaking as a citizen on a matter of public concern, Plaintiff fails to state either a First Amendment free speech claim or a free speech retaliation claim under Section 1983.

It is well established that "the First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern." *Garcetti*, 547 U.S. at 417, 126 S. Ct. 1951 (citations omitted). However, Plaintiff must show she was speaking as a citizen, not as part of her public job. *See Davis v. McKinney*, 518 F.3d 304, 312 (5th Cir. 2008) (citing *Mills v. City of Evansville, Ill.*, 452 F.3d 646, 647 (7th Cir. 2006)). The Court's focus is not on the content of Plaintiff's alleged speech, but rather "the role the speaker occupied

10

when [s]he said it." *See id.* " 'An employee is not speaking as a citizen—but rather in h[er] role as an employee—when [s]he 'makes statements pursuant to h[er] official duties.' " *See Haverda v. Hays County*, 723 F.3d 586, 598 (5th Cir. July 17, 2013) (quoting *Nixon v. City of Houston, Tex.*, 511 F.3d 494, 497 (5th Cir. 2007) (in turn quoting *Garcetti*, 547 U.S. at 421, 126 S. Ct. 1951)). "Activities required by one's position or undertaken in the course of performing one's jobs are activities pursuant to official duties." *Id.* (citing *Williams v. Dall. Indep. Sch. Dist.*, 480 F.3d 689, 693 (5th Cir. 2007)). Thus, "[e]ven if the speech is of great social importance, it is not protected by the First Amendment so long as it was made pursuant to the worker's official duties." *Williams*, 480 F.3d at 692 (citing *Garcetti*, 547 U.S. at 421, 126 S. Ct. 1951).

In the case *sub judice*, Plaintiff alleges that she "openly supported" Democrat contender Roberson for the circuit clerk position, and that "Plaintiff's support of Ms. Roberson in the election was protected speech, association, and/or expression." Pl.'s Compl. [2] ¶¶ 9, 17. Plaintiff maintains that this speech was a matter of public concern, because "[t]he circuit clerk election was a matter of public concern." *Id.* ¶ 17.

As pointed out by Defendants Oktibbeha County and Glenn Hamilton, in *Stegmaier v. Trammell*, 597 F.2d 1027 (5th Cir. 1979), the Fifth Circuit held that a deputy clerk is a "public employee occupying a position of confidence, loyalty, and trust" and "may be discharged solely on the ground of political affiliations without infringing her constitutional rights." *Id.* at 1029–1030. Therefore, because Plaintiff alleges that her First Amendment rights were violated when she was fired for openly supporting the circuit clerk's opponent in the circuit clerk election, Plaintiff has failed to state a First Amendment claim under Section 1983.

## D. Conclusion

In sum, Plaintiff's complaint fails to state a claim upon which relief may be granted, and thus must be dismissed in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Accordingly, the motion to dismiss [6] filed by Defendants Glenn Hamilton and Oktibbeha County, Mississippi is GRANTED; the motion to dismiss [8] filed by Defendants Marvel Howard, Daniel Jackson, John Montgomery, Orlando K. Trainer, and Joe Williams is GRANTED; the motion to strike [22] filed by Defendants Oktibbeha County and Glenn Hamilton is DENIED AS MOOT; all claims are DISMISSED; and this case is CLOSED.

A separate order shall issue in accordance herewith.

THIS, the 10 day of September, 2014.

/s/ Glen H. Davidson
_____
SENIOR JUDGE